## BACKUS, DAVIS & CO., Appellants, v. ALLEN MINOR, Respondent.

Upon a money demand bearing interest, on which payments have been made after maturity, the proper method of computing interest is stated by Chancellor Kent, in Connecticut v. Jackson, 1 Johns. Ch. Rep. 13.

But where an account has been stated by the plaintiff, charging interest both on the debt and the payments, and rendered to the defendant, and no objection made thereto, within a reasonable time, it is the same as an agreement that the interest should be computed accordingly.

When the dealings of the parties extended through a period of more than two years, during which time several accounts were rendered by plaintiffs to defendant, and the same mode of computing interest was pursued throughout, this mode was held to be binding upon them.

APPEAL from the Fourth Judicial District.

The facts in this case, as they appear upon the record, show, that in September, 1850, respondent made and delivered to the appellants, three promissory notes, two of them dated September 11th, 1850, for $5000 each, and the other dated September 12th, 1850, for $5913 40, and all bearing interest at the rate of *six per cent. per month.* Sundry sums were paid on the notes, at different times, after their maturity; the last payment, November 15th, 1851. In December, 1851, appellants brought suit for the recovery of the balance, alleged by them to be due by respondent, on the notes, and the question was referred to referees, for determination, who decided there was nothing due thereon at the time of suit brought.

This finding was based upon the method of calculating interest upon the claims, which was by computing interest on both debt and payments, up to the date of the last payment, November 15th, 1851, at the above rate, six per cent. per month.

The notes were secured by a mortgage of personal property, placed by the respondent in the hands of the appellants, to be sold by them, and the proceeds to be applied in payment of the notes. The appellants, on several occasions before the date of the last payment, had rendered accounts current to the respondent, in which the interest was computed on both debt and payments; the method pursued by the referees, who were of opinion that

appellants were bound by this method, having themselves adopted it, and were estopped from insisting upon any other.

Judgment was entered on the report, and a motion for a new trial being overruled, this appeal was taken ; the only question in which is, whether there was error in the mode adopted in computing the interest, as above explained.

*M' Allister, Edwards,* and *Rose,*

Insisted that the only true mode of calculating interest, is by computing it on the debt due to the day of the first payment, then appropriating such payment to the extinguishment of the interest, and the balance, if any, towards the principal, and so on. 3 Cow. 86 ; 1 Johns. Ch. Rep. 17 ; Ib. 209.

If the interest be computed in this way, there was due to appellants, November 15th, 1851, about $1861 50. Whereas, by the mode adopted by the referees, there was nothing due on that day; and the result is produced by the difference in the modes of computation.

If the appellant, in rendering his accounts, computed the interest under a false impression of his rights, he is not therefore estopped from asserting them when the error is discovered. If this doctrine would apply in a case where an innocent third party might be affected by it, such is not the case in the present question. The transaction has been confined entirely to the parties to the notes. Besides this, the accounts were rendered with the customary reservation that all errors were excepted. Neither does it appear that six per cent. per month interest was allowed.

*Humbly,* for respondent.

The calculation was made by the referees, according to the custom of merchants, that is, by charging interest *all the time* upon the principal, and allowing like interest on the payments. A different rule works injustice to the debtor ; and the counsel referred to the various modes adopted in different States. Tracy and Wickoff, 1 Dallas, Wash. C. C. Rep. 169; 1 Johns. Ch. Rep. 13; 2 Johns. Ch. 209.

The accounts of appellants were rendered in this form, and this was held to be binding on the parties. See 2 Wash. C. C. Rep. 167 ; also, 4 Scom. 4; 7 Greenleaf, 48. The counsel also

submitted a paper exhibiting the results of the different modes of calculation.

The statute does not *require* an express agreement, but says what shall be allowed, where there is no express agreement. The respect paid by courts to common usage, may be seen in Koons *v.* Millar, 3 Watts and Sergt. 271, and 7 Wend. 315.

The opinion of the court was delivered by HEYDENFELDT, Justice. WELLS, Justice, concurring.

Upon a money demand bearing interest, on which have been made payments after maturity, the proper method of computing the interest, is stated by Chancellor Kent, in Connecticut *v.* Jackson, 1 John. Ch. R. 13. "The rule for casting interest," he says, " when partial payments have been made, is to apply the payment in the first · place to the discharge of the interest then due ; if the payment exceeds the interest, the surplus goes towards discharging the principal, and the subsequent interest is to be computed on the balance of the principal remaining. If the payment be less than the interest, the surplus of interest must not be taken to augment the principal, but interest continues on the former principal, until the period when the payments, taken together, exceed the interest due."

It seems, however, from the evidence, that a different mode of computing interest is common among merchants. They calculate the interest, at the rate agreed upon, both on the debt and the payments, and in this way, a slight difference is made in favor of the debtor. In this case that was the plan of calculation resorted to, and the appellants rendered to the respondent an account stated, to which it does not appear that any objection was made by the respondent. The effect of the account stated thus without objection within a reasonable time, is· the same as an agreement that interest should be computed accordingly, and connected with the fact that this is a common method of computation, is sufficient to prevent any disturbance of the judgment.

Affirmed, with costs.

On motion of the appellants, the court ordered a re-hearing of the above case, which was again argued.

*Crittenden, Inge,* and *Martin,* for appellants.

The doctrine of estoppel does not apply. If the appellants had claimed more in the accounts rendered than the respondent admitted to be due, failure to object on his part for a length of time might be construed into an admission of their correctness, for such acquiescence would be contrary to his interests. Still it would not be conclusive, for he could prove fraud or mistake, and he would not be estopped from doing so. But in the case in question, the appellants claimed less than was due,—their error was to the advantage of respondent, and the reason growing out of the presumption from the silence of the party altogether fails, for his silence is not contrary to, but in accordance with, his interests.

The " Act to regulate the interest for money," 1850, p. 92, fixes ten per cent. per annum, when there is no " express contract in writing fixing a different rate," but the respondent, by express contract, has agreed to pay six per cent. per month, and this the law permits and the courts will enforce.

The respondent has been allowed more than ten per cent. by the referees on his *payments.* This can only be claimed upon the ground of the express contract provided by the statute. And if the contract is available to him, it must be so also for the appellants ; and a different rule applied to the latter would be unjust, and a violation of the statute. The only *express* contract as regards interest is comprised in the notes given by the respondent to appellants, and there is no reason for departing from the established rule in computing the interest due upon them.

*Hambly,* in reply,

Insisted that the accounts rendered by the appellants were justly considered by the referees as binding upon them, and that the acquiescence of the respondent showed the understanding of the parties in relation to the question, that appellants were estopped to deny the facts stated in their account, &c.

The following opinion was, at the close of the argument, delivered by HEYDENFELDT, Justice ; WELLS, Justice, concurring.

The re-argument of this cause has not induced me to change my opinion.

The dealings of the parties run through a period of more than two years.   During this time the appellants render to the defendant three or four stated accounts, showing balances ; in all of these accounts, and throughout the whole of this time, they pursue the one mode of calculating interest.   It has become their way of doing business.   It is their system, and they pursue it and persist in it until the indebtedness of the defendant is fully paid off, as found by the award of the referees.

It is true that an account after payment may be opened and surcharged on the ground of mistake, but the calculation of interest by the plaintiffs in this case can in no sense be called a mistake.   It was a deliberate, methodical plan of doing business, according to a well-comprehended rule, and there is no authority or reason, at law or in equity, by which they are entitled to any relief.

Judgment affirmed.