Smith *v.* Fox.

# City Court.

*Trial Term—November*, 1886.

## SMITH ET AL. *against* FOX.

Compound interest not allowable.   The mode of computation, stated.

McADAM, Ch. J.—Interest upon interest, or compound interest, is not allowable, except in special cases (see authorities collated in 4 *Abb. New Dig.* 12, §§ 155, 156, 161).   The plaintiffs may be allowed simple interest, which on their demand aggregates $487.89, and way credit the defendant with simple interest, which, on his payments, aggregates $250.33, leaving a balance of interest amounting to $237.06 due them.   If the plaintiffs do not assent to this, they must follow the rule in regard to the effect of partial payments laid down by the supreme court of the State in a number of cases which will be found cited in 4 *Abb. Dig.* (*supra*), § 150, and in Cowen's Treatise, Kingsley's ed. § 1527.   In the work last cited,

the rule is illustrated and simplified by examples which make it clear. The jury have fixed the amount of the balance due for principal, and I will adjust the interest account on whichever of the two principles last suggested the plaintiffs may elect to adopt.

### The Rule Above Referred to.

When partial payments have been made on the debt from time to time, the rule adopted by the supreme court of the State is, to calculate interest on the principal up to the time when the payment has been made, add this interest to the principal, and then deduct the payment, without regard to the time when made, whether before or after the expiration of the year. This, however, is only in cases where the payment exceeds the interest due ; otherwise it will be taking interest upon interest. When the payment falls short of the interest due, interest must be calculated on the principal up to the time when the payments will overrun the interest due on the principal debt ; and the deduction then be made (3 *Cow.* 86, 87, *note;* also, 3 *Iowa,* 76; 9 *Id.* 376). The rule was laid down by Chancellor KENT as follows : " When partial payments have been made, apply the payment, in the first place, to the discharge of the interest then due. If the payment exceeds the interest, the surplus goes toward discharging the principal, and the subsequent interest is to be computed on the balance of principal remaining due. If the payment be less than the interest, the surplus of interest must not be taken to augment the principal; but interest continues on the former principal until the period when the payments, taken together, exceed the interest due, and then the surplus is to be applied toward discharging the principal, and interest is to be computed on the balance of the principal as aforesaid (1 *Johns. Ch.* 17). The same rule prevails in California (3 *Cal.* 231; 35 *Id.* 692), Iowa (9 *Iowa,* 376), Minnesota (5 *Minn.* 508), and Indiana (28 *Ind.* 488). In Ohio, a slightly different rule prevails (17 *Ohio N. S.* 11).