[Civ. No. 4078.    First Appellate District, Division Two.—September 8, 1922.]

PACIFIC ACCEPTANCE CORPORATION (a Corporation), Appellant, v. BANK OF ITALY, etc., et al., Respondents.

[1] DEBTOR AND CREDITOR—CONTRACTS OF THIRD PERSONS AS COLLATERAL SECURITY—APPLICATION OF PAYMENTS.—Where a debtor has deposited with his creditor, as collateral for the payment of his debt, a number of contracts of third persons, upon which payments are being made from time to time, the debtor cannot insist that the payments made by one of the third persons be credited upon the obligation of another one, as the person making the payment has an absolute right to have his payment credited upon his obligation.

[2] CONDITIONAL SALE CONTRACTS OF AUTOMOBILES—DEPOSIT AS COLLATERAL SECURITY—POSSESSION—RIGHT OF SALE—ESTOPPEL.—A bank with whom a number of automobile conditional sale contracts were deposited by a dealer in automobiles as collateral security for the payment of the dealer's note to the bank was not estopped from asserting its title to an automobile covered by one of such contracts as against a purchaser in good faith and for valuable consideration from the dealer of a second conditional sale contract of such automobile, notwithstanding the bank directed the dealer to take possession of such automobile upon advice as to the buyer's default, but did not authorize him to make another sale of the automobile, and such automobile was sold while in the dealer's possession.

APPEAL from a judgment of the Superior Court of Fresno County. D. A. Cashin, Judge. Affirmed.

The facts are stated in the opinion of the court.

Brownstone & Goodman and Elmore Winkler for Appellant.

Jos. P. Bernhard for Respondents.

LANGDON, P. J.—This appeal is taken by the plaintiff from a judgment against it in an action to recover the value of an automobile truck, alleged to have been converted by the defendant, Bank of Italy.

The facts are, substantially, as follows: T. H. Peniston was an automobile dealer engaged in the business of selling automobile trucks in Fresno during the period between the months of June and November, 1919. The course of his business was such that in lieu of cash upon the sale of an automobile truck, he would enter into a conditional sale contract of the ordinary kind with the purchaser, whereby he reserved title in himself until the partial payments provided by the contract were completed. In June, 1919, Peniston borrowed from the defendant, Bank of Italy, the sum of $17,203 and executed and delivered to the Bank his note for the said sum. As collateral security for the payment of this note, he deposited with the Bank a number of automobile conditional sale contracts which he had executed as seller in the course of his business. The total of the balances due from the vendees in all of these contracts was the same amount as the amount of the note.

All of the trucks described in these contracts were being operated by the vendees named in the contracts under what was known as the Goodfellow Hauling Contract. The payments due for the hauling were paid over to the Bank, by virtue of an assignment of said contract, and a certain amount was allowed to the vendees of the trucks for the operating expenses thereof. The balance was applied by the Bank on the Peniston note. The Bank credited these various sums as they were received upon the Peniston note.

Among the contracts deposited as collateral security for the Peniston note was one dated June 4, 1919, made between Peniston as seller and one Collins as purchaser, covering a giant truck. At the time this contract was deposited with the Bank as collateral security the balance due upon it was $2,800. This contract was pledged with the Bank some time in June, 1919. During the month of July, 1919, Col-

lins became delinquent in his payments on the contract and this fact was called to the attention of the Bank by Peniston. Mr. Birge, manager of the Bank, directed Peniston to take possession of the truck. Peniston did so and placed another driver on it and continued it at work upon the Goodfellow Hauling Contract. On September 23, 1919, Peniston made a conditional sale contract covering this truck with a man named Hopper. Hopper was in the employ of Peniston as a truck driver. He had no property and paid nothing upon the truck, but entered into a contract with Peniston by which Peniston acknowledged the receipt of $2,100 paid upon the truck, and Hopper promised to pay an additional $2,200 for the same in monthly installments. On or about September 23, 1919, Peniston assigned and transferred this contract to the plaintiff for $2,134, and plaintiff notified Hopper that all payments thereunder were to be made to it. Hopper never made any payments. In November, 1919, the Bank seized the truck, which was in the possession of Hopper, and sold it for $2,250, which amount was credited on the Peniston note. Plaintiff demanded the truck from the Bank and upon a refusal to surrender same brought this action for conversion.

The trial court has found that plaintiff acquired no title to the truck. The record on appeal presents but two questions. The first question is: Was the Bank paid in full for its claim to the Collins contract held by it, and, therefore, no longer had any claim to the automobile truck at the time the plaintiff purchased the Hopper contract? The appellant answers this question in the affirmative and urges in support of its position the fact, appearing in the record, that when the Bank had received about $6,000 or $7,000 as the proceeds of the Goodfellow Hauling Contract, and had credited said amount upon Peniston's note, Peniston went to the Bank and undertook to assist its note teller in distributing this amount in proper credits upon the contracts held as collateral security. Peniston states in his deposition that he told the note teller to credit $2,800 of the amount received from the hauling contract to the Collins contract, and that he was, thereafter, under the impression that the Collins contract was satisfied so far as the Bank was concerned. It is not claimed, and cannot be, on the record, that $2,800 had been paid by Collins, or that

Collins had in fact paid his contract up by the earnings of his truck and owed nothing more thereon. On the contrary, it is admitted that Collins was delinquent in his payments, or, in other words, that his truck did not earn enough upon the Goodfellow Hauling Contract, over and above expenses, to keep up his payments on the truck, and it is apparent, therefore, that his obligation as a vendee, under his contract, was a subsisting one, and of substantial value to the Bank as collateral for the payment of Peniston's note. It is also perfectly apparent that had the Bank been compelled to comply with Peniston's request and credit the $2,800 on the Collins contract (which amount had not been earned by Collins' truck, but represented, in large part, the proceeds of the work of the other trucks), and had it been compelled, in consequence, to discharge and release the Collins contract, then the vendees under some of the other sales contracts whose earnings had been diverted to pay the Collins contract would have had a right to insist upon the proper credits on their contracts. Thus the Bank would have been forced to allow credit twice for the same amount received by it and would have found itself, in consequence, with inadequate collateral to protect Peniston's note. Clearly, such a situation could not be forced by Peniston or plaintiff either as a matter of justice or reason and is not brought about by the application of any principles of which we are aware.

Appellant seeks to apply to the situation presented by the above facts the well-settled principle that one who is indebted to the same person on several obligations, may, in making a payment, require that it be applied toward the extinction of one of the obligations in preference to the others. (Civ. Code, sec. 1479.) It is contended that this is what was done by Peniston in the present case, and, therefore, the liability on the Collins contract was extinguished so far as the Bank was concerned. The principle contended for is established by the code section above cited, but it has no application to the facts here. This is for the reason that Peniston was indebted to the Bank on but one obligation, the obligation of his note, and not upon several obligations. He had assigned the five conditional sale contracts as collateral security, but he was not the principal debtor under these contracts. He had no legal right to impair in any

way the value of this collateral, nor to insist upon a release thereof until the contracts were actually paid up by the obligors. Assuredly, he might have paid off his own obligation in full and demanded a release of the collateral, but in the absence of an agreement for a release of a part of the collateral upon a partial payment of the note, the Bank had the right to hold all the collateral and make collections thereof until Peniston's note was paid. As the collateral consisted of five different contracts for the sale of trucks, and as the amount received by the Bank was the aggregate earnings of all the trucks, it necessarily followed that the Bank was under obligation to credit the contracts, respectively, with such amounts only as would represent the earnings contributed by their respective obligors.

[1] Appellant's contention amounts to this: That where a debtor has deposited with his creditor as collateral for the payment of his debt, a number of contracts of third persons, upon which payments are being made from time to time, said debtor may insist that the payments made by one of the third persons be credited upon the obligation of another one. Obviously, the person making the payment has an absolute right to have his payment credited upon his own obligation, and if appellant's contention is correct, the creditor would be forced to make credit twice for the same payment.

[2] The second point urged is that the Bank is estopped from asserting its title to the truck as against appellant, because it intrusted the possession of the truck to Peniston, and appellant is an innocent purchaser for value. Section 1142 of the Civil Code is relied upon to sustain this contention. That section reads as follows: "When buyer acquires better title than seller has. Where the possession of personal property, *together with a power to dispose thereof,* is transferred by its owner to another person, an executed sale by the latter, while in possession, to a buyer in good faith and in the ordinary course of business, for value transfers to such buyer the title of the former owner, though he may be entitled to rescind, and does rescind the transfer made by him."

Conceding that the Bank transferred the possession of the truck to Peniston, there is no evidence that it gave him

power to dispose of this truck, which is also a condition to make the statute above quoted applicable.

In the case of *Greene* v. *Carmichael,* 24 Cal. App. 27 [140 Pac. 45], following the case of *Wright* v. *Solomon,* 19 Cal. 64 [79 Am. Dec. 196], it is held that possession of personal property is only *prima facie* evidence of ownership and never prevails over the true owner except in cases of negotiable instruments or a case warranting the application of the doctrine of estoppel. A number of cases on the subject are collected in the note to *Davis* v. *First Nat. Bank,* 25 L. R. A. (N. S.) 760, and the conclusion there reached, after a consideration of the cases, is that "nothing is better settled than that possession of personal property is *prima facie,* not conclusive, evidence of title and that the maxim *caveat emptor* applies."

Nor do we think that the present case presents the features requisite to create an estoppel. The Bank did nothing which could have misled the appellant, save and except that it allowed its truck to be used in the hauling work, together with the trucks which were in the possession of the other vendees. It knew nothing of appellant's contemplated entrance into the situation. This general question is also discussed in the note above cited, 25 L. R. A. (N. S.), at page 770. Numerous cases are collected there upon the general proposition. Two of them appear to be particularly in point because of the fact that in the present case Peniston was in the business of selling trucks, and this circumstance is made much of by appellant. In the case of *Forrestal* v. *McDonald,* 9 Can. S. C. 12, it was said: "No case has ever decided that the owner of goods is estopped merely because he has intrusted with the possession of his property a person who, being engaged in a business in the course of which he sells goods of the same kind, as those which have been delivered to him as a bailee, in breach of his duty has wrongfully sold the goods of his bailor as his own. If this were so, no man could safely leave his watch with a watchmaker who sells watches, or his carriage with a carriagemaker who sells carriages, to be repaired."

In the case of *Levi* v. *Booth,* 58 Md. 305 [42 Am. Rep. 332], the court said that it was very clear that the bare possession of goods by one, though he may happen to be a dealer in that class of goods, does not clothe him with power

59 Cal. App.—6

to dispose of the goods as though he were the owner, or as having authority as agent to sell or pledge the goods, to the preclusion of the right of the real owner. If he sells as owner, there must be some other *indicia* of property than mere possession; there must be some act or conduct on the part of the real owner, whereby the party selling is clothed with the apparent ownership or authority to sell, and which · the real owner will not be heard to deny or question to the prejudice of the innocent third person, dealing on the faith of such appearances.

It is apparent that the appellant has mistakenly trusted to Peniston's good faith. It had its remedy against him and the record shows that it pursued this remedy and secured judgment for the amount paid him for the Hopper contract upon the ground of fraud and misrepresentation. The fact that this judgment may be valueless, for any reason, is but an incident in the particular case and cannot enlarge the substantive rights of the appellant.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 6, 1922.

All the Justices present concurred.

Richards, J., *pro tem.*, was acting.