[Civ. No. 54548. Second Dist., Div. One. Aug. 9, 1979.]

BIG BEAR PROPERTIES, INC., et al., Plaintiffs and Appellants, v.
E. M. GHERMAN et al., Defendants and Respondents.

## COUNSEL

Macdonald, Halsted & Laybourne, Morton B. Jackson and Nancy Spero-Regos for Plaintiffs and Appellants.

Ball, Hunt, Hart, Brown & Baerwitz and Laurence F. Jay for Defendants and Respondents.

## OPINION

**LILLIE, Acting P. J.**—Plaintiffs herein were the defendants in an action for damages for the wrongful repudiation of a joint venture agreement (prior action). On December 4, 1973, judgment in the prior action was entered in favor of the plaintiffs therein (defendants in the present action) for $1,256,845 with prejudgment interest thereon (Civ. Code, § 3288) in the sum of $395,906.18, plus costs of $5,863.38. The judgment was affirmed (*Gherman* v. *Colburn* (1977) 72 Cal.App.3d 544 [140 Cal.Rptr. 330]), and a hearing was denied by the Supreme Court. Remittitur was filed November 14, 1977.

On December 12, 1977, the judgment debtors filed the present action in interpleader and for declaratory relief against the holders of the judgment (plaintiffs in the prior action) and persons claiming an interest in the proceeds of the judgment. The latter group of defendants consisted of (1) the attorneys who had rendered services to the judgment creditors in the prior action, (2) two banks, and (3) Anne Patterson, former wife of one of the judgment creditors.[1] The first count (interpleader) of plaintiffs' complaint alleged: plaintiffs do not dispute their obligation to pay the judgment but wish to discharge such obligation without becoming involved in the conflicting claims asserted by the defendants; plaintiffs do not know the exact amount of all of the claims asserted against the judgment but are informed and believe, and thereupon allege, that the aggregate amount of such claims exceeds the total amount due under the judgment; plaintiffs are unable to determine the validity of the various claims and therefore cannot pay the judgment to any of the defendants without the danger of being subjected to liability arising from the demands of any unpaid claimants; concurrently with the filing of the complaint, plaintiffs deposited into the court the sum of $2,021,028.13, which they allege is the entire amount due on the judgment; plaintiffs posted a corporate surety undertaking in the sum of $2.5 million in order to stay enforcement of the judgment during the appellate process; such undertaking is still outstanding; after the remittitur was filed the judgment creditors and their counsel were unable to provide plaintiffs with appropriate releases or assurances to protect plaintiffs and their surety from conflicting claims which might arise from payment of the judgment solely to the judgment creditors; if the judgment is not paid on or before December 14, 1977, such defendants may proceed against the undertaking in order to collect the judgment (Code Civ. Proc., § 917.1); plaintiffs fear that unless restrained by order of the court, the judgment creditors will take such action before the adverse and conflicting claims to the proceeds of the judgment are resolved and the liability of plaintiffs and their surety is finally fixed and discharged. The second count (declaratory relief) alleged: an actual controversy has arisen and now exists between plaintiffs and defendants regarding the amount payable under the judgment; plaintiffs contend that the judgment bears simple interest and equals $2,021,028.13 as of December 12, 1977, whereas defendants contend that the total amount of the judgment payable on such date includes interest on the prejudgment interest and equals $2,132,489.29. Plaintiffs sought the following relief: an order directing defendants to interplead and litigate their respective claims against the

[1]The complaint also named as defendants 100 "Does" who allegedly had asserted, or might assert, further claims of undeterminable amount against the judgment.

judgment; an order restraining defendants from instituting proceedings to collect the judgment; a declaration by the court that the total amount payable on the judgment as of December 12, 1977, is $2,021,028.13, and that by tender of such sum to the court plaintiffs and their surety are fully discharged and released from liability on the judgment and the undertaking on appeal; and an order awarding plaintiffs their reasonable attorneys' fees out of the sum deposited by them with the court.

On December 15, 1977, a stipulation and order for release of funds and injunctive relief was executed by the parties, signed by the court, and filed. Such stipulation and order provided that the sum deposited by plaintiffs into court would be disbursed as follows: $39,040.02 (plus costs and interest) to Anne Patterson and the remainder to a trustee for the benefit of each of the other defendants. It was further provided: in consideration of the foregoing payments, defendants Anne Patterson and banks would release plaintiffs and their surety from all claims of said defendants against the judgment; the remaining defendants (judgment creditors and attorneys) would release plaintiffs and their surety from the claims of such defendants against the judgment to the extent of the sum deposited into court by plaintiffs, "reserving, however, . . . their rights to litigate, in this action," their claim that the judgment exceeds said sum; in further consideration of the payments the court would issue a preliminary injunction against defendants, enjoining collection of the judgment "until the final determination of this action or further order of the court"; plaintiffs, judgment creditors and attorney defendants would resolve their dispute as to the total amount due under the judgment "pursuant to the pleadings and allegations made or to be made within the ambit of this action"; said parties waived any claim for an award of attorneys' fees from the undisputed portion of the judgment paid into court by plaintiffs. In accordance with the foregoing stipulation and order, the funds were disbursed and the preliminary injunction was issued.

Thereafter the judgment creditors and the attorney defendants filed an answer to the complaint alleging: the entire judgment in the amount of $1,658,614.56, including $395,906.18 for prejudgment interest, bears interest at the legal rate of 7 percent per annum from date of entry until paid; as of December 12, 1977, the amount owing on the judgment was $2,132,489.29; therefore, after paying $2,021,028.13 into court, plaintiffs owe on the judgment $111,461.16 plus interest on that sum at the legal rate from December 12, 1977, until paid.

Both parties moved for summary judgment, or in the alternative, for judgment on the pleadings. The trial court granted defendants' motion[2] and denied plaintiffs' motion, at the same time dissolving the preliminary injunction. The court also denied plaintiffs' request for attorneys' fees. Judgment was entered declaring that the entire judgment of $1,658,614.56 in the prior action did and does bear interest at the legal rate of 7 percent per annum from date of entry until paid; as of December 12, 1977, the amount owing on that judgment (including costs on appeal) was $2,132,489.29; of that sum, $111,461.16 remains due, plus interest thereon at the legal rate from December 12, 1977, until paid. The judgment further determined that plaintiffs were entitled to no relief on their complaint other than the foregoing declaration. Plaintiffs appeal from the judgment.

I

Plaintiffs recognize that all money judgments, by operation of law, bear interest at the legal rate from date of entry. (Cal. Const., art. XV, § 1; *Glenn* v. *Rice* (1917) 174 Cal. 269, 276 [162 P. 1020]; *Pinecrest Productions, Inc.* v. *RKO Teleradio Pictures, Inc.* (1970) 14 Cal.App.3d 6, 11 [92 Cal.Rptr. 44].) ▇▇ They contend, however, that the allowance of such interest on that portion of the judgment representing prejudgment interest constituted an impermissible compounding of interest. The contention is without merit. "Although compound interest generally is not allowable on a judgment, it is established that a judgment bears interest on the whole amount from its date even though the amount is in part made up of interest. . . . As a consequence, compound interest may in effect be recovered on a judgment whereby the aggregate amount of principal and interest is turned into a new principal. . . ." (45 Am.Jur.2d, Interest and Usury, § 78, p. 71. See also *Boscus* v. *Bohlig* (1916) 173 Cal. 687, 691 [162 P. 100]; *Estate of Sharp* (1971) 18 Cal.App.3d 565, 585 [95 Cal.Rptr. 816]; *Troy* v. *Troy* (1932) 127 Cal.App. 489, 494 [16 P.2d 290]; 47 C.J.S., Interest, § 21, p. 34.) Plaintiffs argue that the foregoing principle is limited to contract actions and hence is inapplicable in the present case because the prejudgment interest was awarded pursuant to

---

[2]The trial court's order does not state whether the court granted defendants' motion for summary judgment or their motion for judgment on the pleadings. Plaintiffs' claim for declaratory relief presented only an issue of law, which properly could be determined by either procedure. (See *Spencer* v. *Hibernia Bank* (1960) 186 Cal.App.2d 702, 712 [9 Cal.Rptr. 867] (motion for summary judgment); *Aarons* v. *Brasch* (1964) 229 Cal.App.2d 197, 199 [40 Cal.Rptr. 153] (motion for judgment on the pleadings).)

Civil Code section 3288[3] for breach of an obligation not arising from contract. The distinction which plaintiffs thus attempt to draw is invalid. ■ Prejudgment interest is awarded to compensate a party for the loss of the use of his property (*Bullis* v. *Security Pac. Nat. Bank* (1978) 21 Cal.3d 801, 815 [148 Cal.Rptr. 22, 582 P.2d 109]); it is in the nature of damages whether it is awarded in a contract or a tort action.[4] (See *Lineman* v. *Schmid* (1948) 32 Cal.2d 204, 209 [195 P.2d 408, 4 A.L.R.2d 1380].)

In support of their contention that the declaratory judgment herein improperly allowed compound interest, plaintiffs rely upon *Gillanders* v. *Da Silva* (1931) 212 Cal. 626 [299 P. 722], and *State of California* v. *Day* (1946) 76 Cal.App.2d 536 [173 P.2d 399]. Neither case is in point. In *Gillanders, supra,* the plaintiffs sued to collect a judgment recovered by them in a prior action. The trial court rendered judgment in favor of plaintiffs for the amount of the original judgment plus interest thereon at the legal rate from the date of its entry, with further interest to run on the combined amount of principal and postjudgment interest. The Supreme Court held that this was an unauthorized allowance of "interest on interest." (212 Cal. at p. 632.) Obviously, no comparable situation exists in the present case. In *State of California* v. *Day, supra,* the judgment awarded prejudgment interest which was to be " 'compounded annually.' " (76 Cal.App.2d at pp. 552-553.) Such award was stricken and simple interest was substituted therefor, the court holding that the discretion to award prejudgment interest under Civil Code section 3288 "does not include the right to make an order for interest upon interest. . . ." (76 Cal.App.2d at p. 555.) *Day* clearly is distinguishable from the present case, wherein simple (not compound) prejudgment interest was awarded in the prior action.

■ Plaintiffs also rely on the rule that "interest may not be computed on accrued interest unless by special statutory provision, or by stipulation of the parties, and in the latter event the amount may not be fixed in conflict with statutory provisions." (*State of California* v. *Day, supra,* 76

---

[3]Civil Code section 3288: "In an action for the breach of an obligation not arising from contract, and in every case of oppression, fraud, or malice, interest may be given, in the discretion of the jury."

[4]Citing *Esgro Central, Inc.* v. *General Ins. Co.* (1971) 20 Cal.App.3d 1054, 1064 [98 Cal.Rptr. 153], plaintiffs argue that prejudgment interest awarded pursuant to Civil Code section 3287 in a contract action is of a "different character" from prejudgment interest awarded pursuant to section 3288 in a tort action. The "different character" referred to in *Esgro* arises from the difference between court discretion (§ 3287) and jury discretion (§ 3288) in awarding such interest. *Esgro* does not support plaintiffs' contention that prejudgment interest merges in the judgment as an element of damages only where it is awarded in an action based on contract.

Cal.App.2d 536, 554.) This rule applies to the rate of interest allowable on obligations based on contract (see *Yndart* v. *Den* (1897) 116 Cal. 533 [48 P. 618]; *Doe* v. *Vallejo* (1866) 29 Cal. 385; *Robertson* v. *Dodson* (1942) 54 Cal.App.2d 661 [129 P.2d 726]); it does not prevent the allowance of interest at the legal rate on a judgment which includes an award of interest. "[I]t has generally been held that a judgment bears interest on the whole amount thereof, although such amount is made up partly of interest on the original obligation, and even though the interest is separately stated in the judgment. *This rule is not affected by statutes which prohibit the allowance of compound interest, such statutes being intended merely as regulations of interest on contracts and not interest on judgments,* and designed to prevent the imposition on borrowers of the heavy exactions by compounding interest at frequent intervals. . . ." (47 C.J.S., Interest, § 21, p. 34; italics added.)

II

■ Also without merit is plaintiffs' further contention that the trial court erred in allowing postjudgment interest at the legal rate on the sum of $111,461.16 (the balance owing on the judgment in the total amount of $2,132,489.29 as of December 12, 1977, after plaintiffs' payment of $2,021,028.13). Partial payment of an interest-bearing obligation after maturity must be applied first to discharge the accrued interest after which, if the payment exceeds the interest, the surplus is applied to discharge the principal; any portion of the principal remaining unpaid continues to draw interest. (*Backus* v. *Minor* (1853) 3 Cal. 231, 233; *McConnell* v. *Pacific Mutual Life Ins. Co.* (1962) 205 Cal.App.2d 469, 483-484 [24 Cal.Rptr. 5].) Accordingly, plaintiffs' partial payment of $2,021,028.13 on December 12, 1977, operated first to discharge the postjudgment interest accrued to that date and then to discharge a portion of the principal amount of the judgment, leaving unpaid the sum of $111,461.16 which represents principal and, as such, continues to draw interest at the legal rate until paid.

In support of a contrary conclusion, plaintiffs cite Civil Code section 1479, subdivision One,[5] arguing that inasmuch as they manifested an intention to pay the entire principal amount of the judgment, "together with so much of the interest thereon as was admittedly due," their partial

---

[5]Civil Code section 1479 provides in pertinent part: "Where a debtor, under several obligations to another, does an act, by way of performance, in whole or in part, which is equally applicable to two or more of such obligations, such performance must be applied as follows:

"One.—If, at the time of performance, the intention or desire of the debtor that such performance should be applied to the extinction of any particular obligation, be manifested to the creditor, it must be so applied."

payment on the judgment must be so applied. Section 1479 does not aid plaintiffs because it applies only to payment by a debtor who is "under several obligations" to his creditor, whereas plaintiffs were indebted to judgment creditors on but one obligation (the judgment), not on several obligations. (See *Pacific Acceptance Corp.* v. *Bank of Italy* (1922) 59 Cal.App. 76, 79 [209 P. 1024].) It is immaterial that the total amount due on the judgment as of December 12, 1977, included accrued postjudgment interest; the fact remains that the obligation evidenced by the judgment was single and indivisible.

## III

■ We reject plaintiffs' final contention that, because their complaint included a count in interpleader, they were entitled to an award of attorneys' fees under Code of Civil Procedure section 386.6, subdivision (a), which gives the trial court "discretion" to award an interpleading party "his costs and reasonable attorney fees from the amount in dispute which has been deposited with the court." By the stipulation and order thereon executed and filed December 15, 1977, plaintiffs agreed "to waive any claims for an award of attorneys' fees in this action from or as to the undisputed portion of the Judgment which has been paid into Court by the plaintiffs, without prejudice to the right to assert claims for attorneys' fees and costs as to the portion of the Judgment in dispute." Section 386.6 authorizes an award of attorneys' fees "from the amount *in dispute* which has been deposited with the court." (Italics added.) Plaintiffs deposited into court only the *undisputed* portion of the judgment, as to which they expressly waived their claim for attorneys' fees. The reservation of their right to claim attorneys' fees from the disputed portion of the judgment, which was not paid into court, did not make plaintiffs eligible for an award of such fees under section 386.6.

We deny defendants' request for the imposition of a monetary penalty against plaintiffs, made on the ground that the present appeal is frivolous and was taken solely for delay. (Code Civ. Proc., § 907; Cal. Rules of Court, rule 26(a).)

The judgment is affirmed.

Hanson, J., and Hinz, J.,* concurred.

A petition for a rehearing was denied September 6, 1979, and appellants' petition for a hearing by the Supreme Court was denied October 4, 1979.

---

*Assigned by the Chairperson of the Judicial Council.