[No. B007127. Second Dist., Div. Four. July 23, 1985.]

STEVE MENDEZ, Plaintiff and Respondent, v.
JAMES P. KURTEN, Defendant and Appellant.

**COUNSEL**

Demler & Armstrong, Robert W. Armstrong and Robert B. Ryder for Defendant and Appellant.

Gage & Mazursky and Sanford M. Gage for Plaintiff and Respondent.

**OPINION**

**ARGUELLES, J.—** ██ Appellant James P. Kurten (appellant), defendant in the underlying action for personal injuries, appeals from a postjudgment order denying his motion to clarify that portion of the judgment dealing with interest accruing on the judgment to the date of its satisfaction.[1]

 The sole issue before us is whether for the time between the entry of judgment and its satisfaction interest may be awarded on a judgment at the rate of 10 percent pursuant to Civil Code section 3291 (hereafter section 3291) and at the rate of an additional 10 percent pursuant to Code of Civil Procedure section 685.010, subdivision (a) (hereafter section 685.010), or whether such an award violates article XV, section 1, of the California Constitution, which does not allow the rate of interest upon a state court judgment to exceed 10 percent per annum. We have concluded that the Legislature did not intend, and the California Constitution does not allow, interest to be cumulatively awarded pursuant to both sections between entry of judgment and its satisfaction.

FACTS

Respondent Steve Mendez (respondent) filed a complaint on March 13, 1981, against appellant for personal injuries arising out of an automobile-motorcycle collision.

---

[1] While neither party has addressed the issue of the order's appealability, the order relates to an attempt to obtain interest on the judgment and is, therefore, appealable. (*Redevelopment Agency* v. *Goodman* (1975) 53 Cal.App.3d 424, 429 [125 Cal.Rptr. 818].)

On September 15, 1983, respondent's counsel caused an offer to compromise, pursuant to Code of Civil Procedure section 998, in the amount of $275,000 to be served upon appellant. The offer was rejected.

The matter proceeded to trial and resulted in a verdict for respondent in the amount of $450,000 "with interest thereon at the rate of ten per cent per annum from the date of the verdict until paid . . . ."

Subsequently, respondent brought a motion to augment costs pursuant to section 3291, requesting that he in addition be awarded interest at the rate of ten percent on the judgment from the date of the statutory offer (see Code Civ. Proc., § 998) to the date of satisfaction of judgment. The trial court granted respondent's motion.

Appellant claims that not until a letter of January 31, 1984, did respondent ever express an intention to obtain both (1) 10 percent per annum interest from the date of the statutory offer to compromise to the date of entry of judgment *and* (2) 20 percent per annum interest on the judgment from the date of judgment entry to the date of satisfaction.

Thereafter, appellant paid the amount of the judgment plus 10 percent per annum interest calculated from the date of the statutory offer to compromise to the date of payment, for which respondent filed a partial satisfaction of judgment. Appellant then filed a motion to clarify the nature and extent of the interest awarded on the judgment. The motion was denied. This appeal followed.

## Discussion

Appellant's sole contention on appeal is that the award of interest on the judgment pursuant to *both* section 3291 and section 685.010, subdivision (a), violated article XV, section 1 of the California Constitution.

Section 3291 of the Civil Code provides in relevant part as follows: "In any action brought to recover damages for personal injury . . . it is lawful for the plaintiff in the complaint to claim interest on the damages alleged as provided in this section. [¶] If the plaintiff makes an offer pursuant to Section 998 of the Code of Civil Procedure which the defendant does not accept prior to trial or within 30 days, whichever occurs first, and the plaintiff obtains a more favorable judgment, *the judgment shall bear interest at the legal rate of 10 percent per annum calculated from the date of the plaintiff's first offer pursuant to Section 998* of the Code of Civil Procedure which is exceeded by the judgment, *and interest shall accrue until the satisfaction of judgment.*" (Italics added.)

Section 685.010, subdivision (a), provides as follows: "Interest accrues at the rate of 10 percent per annum on the principal amount of a money judgment remaining unsatisfied."

Article XV, section 1, of the California Constitution provides, in relevant part, as follows: "The *rate of interest upon a judgment rendered* in any court of this state *shall be set by the Legislature at not more than 10 percent per annum. . . .* [¶] *The provisions of this section shall supersede all provisions of this Constitution and laws enacted thereunder in conflict therewith.*" (Italics added.)

■ Whenever possible, statutes are to be interpreted as consistent with applicable constitutional provisions so as to harmonize both. (*California Housing Finance Agency* v. *Elliott* (1976) 17 Cal.3d 575, 594 [131 Cal.Rptr. 361, 551 P.2d 1193].) Thus, "legislation is presumptively constitutional and all doubts are to be resolved in favor of its validity. [Citations.]" (*Kizziah* v. *Department of Transportation* (1981) 121 Cal.App.3d 11, 18 [175 Cal.Rptr. 112].) "A statute should be judicially construed in such a manner to avoid unconstitutional results. [Citations.]" (*American National Bank* v. *Peacock* (1985) 165 Cal.App.3d 1206, 1212 [212 Cal.Rptr. 97].)

■ " 'The fundamental rule of statutory construction is that the court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. [Citations.] Moreover, "every statute should be construed with reference to the whole system of law of which it is a part so that all may be harmonized and have effect." [Citation.] If possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose. [Citation.] Such purpose will not be sacrificed to a literal construction of any part of the act.' . . . . [¶] For purposes of statutory construction, the various pertinent sections of all the codes must be read together and harmonized if possible. (*Channell* v. *Superior Court,* 226 Cal.App.2d 246, 252.) . . . . Also relevant when the seeming inconsistencies appear in separate codes is the rule declaring that the codes blend into each other and constitute a single statute for purposes of statutory construction. [Citations.]" (*Cannon* v. *American Hydrocarbon Corp.* (1970) 4 Cal.App.3d 639, 648 [84 Cal.Rptr. 575], quoting *Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672].)

■ Statutes must be given a reasonable construction which conforms to the legislative intent. They should be interpreted to promote the objective intended and consistent with wise policy, and the statutory language read as a whole, as well as the consequences that would flow from a particular

result, must be considered. (*Kahn* v. *Kahn* (1977) 68 Cal.App.3d 372, 381 [137 Cal.Rptr. 332].)

Although interest is calculated from an earlier time under section 3291 than under section 685.010, under both statutes, interest continues to accrue until the judgment is satisfied. Appellant contends that if the court permits both sections to be applied to the same time period, the resulting *combined* interest rate of 20 percent from the time judgment is entered until the time it is satisfied is twice the constitutionally allowable rate.

In ascertaining the intent of the Legislature, we first look to the plain language of the sections involved.

Interest on a judgment pursuant to section 685.010, subdivision (a), accrues as long as a money judgment remains "unsatisfied." Interest pursuant to section 3291 accrues from the date of the statutory offer "until the satisfaction of judgment." On its face, an award of interest pursuant to both sections during the time after judgment offends the constitutional interest limitation.

We note also that the Legislature did not include any language in section 3291 indicating that the interest provided under that section's provisions, to accrue until satisfaction of a judgment, was *in addition* to interest on a judgment pursuant to section 685.010.

Respondent argues that the prejudgment "interest" allowed by section 3291 should be held to be "in the nature of damages" like the other sections of the same article which is entitled, "Interest as Damages." (See *Lineman* v. *Schmid* (1948) 32 Cal.2d 204, 209 [195 Cal.Rptr. 408, 4 A.L.R.2d 1380]; see also 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, §§ 135-136, pp. 3284-3285.) By contrast, respondent asserts that section 685.010, is part of the chapter entitled "Interest and Costs." From this, respondent would have us conclude that prejudgment "interest" is not really interest within the meaning of article XV, section 1, of the California Constitution.

Respondent's argument is unavailing. The record belies the argument because the prejudgment interest was awarded by the trial court as amended costs rather than as damages. However, even assuming, without deciding, that section 3291 is merely a component of the total *damages* to be included as part of a judgment in those cases meeting the criteria for prejudgment interest, such an interpretation would mean that at the time that a judgment incorporating such damages was entered, the total sum of the damages awarded *could not be stated* in a dollar amount because the "damages" would continue to accrue until the entered judgment was satisfied. That

interpretation would bring section 3291 into direct conflict with Code of Civil Procedure section 577.5, which provides: "In any judgment, or execution upon such judgment, the amount shall be computed and stated in dollars and cents, rejecting fractions." The rules of statutory construction set forth above preclude such a result.

Although respondent relies upon *Big Bear Properties, Inc.* v. *Gherman* (1979) 95 Cal.App.3d 908 [157 Cal.Rptr. 443], in support of his argument that interest (pursuant to section 685.010) awarded upon interest (pursuant to section 3291) is permissible, *Big Bear Properties, Inc.* stands in significant contrast to the present case.

The court in *Big Bear Properties, Inc.* v. *Gherman, supra,* 95 Cal.App.3d 908, 913, explained: " 'Although compound interest generally is not allowable on a judgment, it is established that a judgment bears interest on the whole amount from its date even though the amount is in part made up of interest. . . . As a consequence, compound interest may in effect be recovered on a judgment whereby the aggregate amount of principal and interest is turned into a new principal. . . .' [Citations.]"

Here, interest under section 3291 in a specific sum certain of dollars and cents cannot be aggregated with the principal amount of the judgment to form a new principal at the time judgment is entered, as discussed above, or at any other point in time preceding the date the judgment is satisfied. Thus, a defendant could never know the principal amount of a judgment, on which interest is to accrue from the date of judgment entry, until the defendant actually pays the judgment. Such a statutory construction is neither reasonable nor consistent with wise policy when considered in light of the consequences that would result. Therefore, we must reject that interpretation of section 3291.

■ From our preceding discussion, and applying the rules of statutory construction so as to harmonize the two different code sections involved and resolve all doubts in favor of their constitutionality, we must conclude that the Legislature intended merely to restate, but not to either duplicate or abrogate, within the provisions of section 3291, the rule allowing interest on an entered judgment to accrue until satisfaction of the judgment as set forth in section 685.010 for those cases qualifying for prejudgment interest.

We hold, therefore, that neither section 3291 nor section 685.010 violates article XV, section 1 of the California Constitution because neither of those sections, whether applied separately or conjunctively, permits recovery of more than 10 percent simple interest on a judgment from the date of a judgment's entry until its satisfaction.

## DISPOSITION

The judgment (order) is reversed, with directions to the superior court to make a new and different order declaring that appellant's payment has entitled him to obtain from respondent a full satisfaction of judgment.

Woods, P. J., and Nelson, J.,* concurred.

A petition for a rehearing was denied August 14, 1985, and respondent's petition for review by the Supreme Court was denied October 23, 1985. Bird, C. J., was of the opinion that the petition should be granted.

---

*Assigned by the Chairperson of the Judicial Council.