Opinion
 

 BARON, J.
 

 Following the entry of judgment in appellant Phyllis Steinfeld’s medical malpractice action against respondents Foote-Goldman Proctologic Medical Group, Inc., and Harris S. Goldman, M.D., respondents sought an order declaring that prejudgment interest awarded under Civil Code section 3291 was not an element of damages in the judgment against respondents. The superior court issued the order. We affirm.
 

 Relevant Factual and Procedural Background
 

 This is the third time that this case has come before us on appeal. We briefly summarize the procedural history culminating in our first two opinions before describing the facts pertinent to the present appeal.
 

 In 1984, Steinfeld filed a medical malpractice action against respondents. In August 1987, Steinfeld served a $225,000 statutory offer to compromise under Code of Civil Procedure section 998 on respondents. They declined the offer.
 

 
 *16
 
 After trial in May 1990, a jury returned a verdict of $620,809 against Dr. Goldman. The trial court then ordered a new trial unless Steinfeld accepted a reduction in damages to $347,295. Steinfeld did not accept the reduction, and a second trial was held solely on the issue of damages.
 

 In December 1991, a jury awarded Steinfeld $1,155,000 in damages, and the trial court ordered a new trial. Steinfeld appealed, and we affirmed in an unpublished opinion.
 
 (Steinfeld
 
 v.
 
 Foote-Goldman Proctologic Medical Group, Inc.
 
 (Aug. 12, 1994) No. B065614.)
 

 Following a new trial solely on the issue of damages, a jury awarded Steinfeld net damages of $1,164,000 against respondents in April 1995. The trial court entered a judgment that included prejudgment interest under Civil Code section 3291, and respondents appealed. In
 
 Steinfeld
 
 v.
 
 Foote-Goldman Proctologic Medical Group, Inc.
 
 (1996) 50 Cal.App.4th 1542, 1546-1551 [58 Cal.Rptr.2d 371], we affirmed the award of prejudgment interest.
 

 On or about January 17, 1997, respondents filed a motion under Code of Civil Procedure section 724.050 for an order declaring that they had fully satisfied the judgment. The motion alleged that on December 20, 1996, respondents had paid Steinfeld $2,328,052.72, a sum they had obtained by taking $1,164,470, the amount of the verdict, and adding 10 percent simple interest on the verdict from the date of Steinfeld’s Code of Civil Procedure section 998 offer, as well as $76,000 in costs. However, Steinfeld had given respondents only a partial satisfaction of judgment.
 

 Steinfeld contended that she was due approximately $130,000 more than respondents had paid. Her position was that the prejudgment interest under Civil Code section 3291 for the period between the Code of Civil Procedure section 998 and the entry of judgment was an element of damages to be included in the judgment, and thus she was entitled to postjudgment interest under Code of Civil Procedure section 685.010, subdivision (a), at a rate of 10 percent on the
 
 sum
 
 of the verdict and the prejudgment interest up to the entry of judgment.
 

 On March 7, 1997, the trial court issued an order declaring that respondents had fully satisfied the judgment. This appeal followed.
 
 [1]
 

 
 *17
 
 Discussion
 

 Steinfeld contends that prejudgment interest under Civil Code section 3291 is an element of damages to be included in the final judgment.
 
 [2]
 
 We disagree.
 

 Civil Code section 3291 provides in pertinent part that “[i]n any action brought to recover damages for personal injury ... it is lawful for the plaintiff in the complaint to claim interest on the damages alleged as provided in this section, [f] If the plaintiff makes an offer pursuant to Section 998 of the Code of Civil Procedure[
 
 3
 
 ] which the defendant does not accept prior to trial or within 30 days, whichever occurs first, and the plaintiff obtains a more favorable judgment, the judgment shall bear interest at the legal rate of 10 percent per annum calculated from the date of the plaintiff’s first offer pursuant to Section 998 of the Code of Civil Procedure which is exceeded by the judgment, and interest shall accrue until the satisfaction of judgment.”
 

 We review issues of statutory interpretation de novo. (See
 
 Eidsmore
 
 v.
 
 RBB, Inc.
 
 (1994) 25 Cal.App.4th 189, 195 [30 Cal.Rptr.2d 357].) “[O]ur first task in construing a statute is to ascertain the intent of the Legislature so as to effectuate the purpose of the law. In determining such intent, a court must look first to the words of the statute themselves, giving to the language its usual, ordinary import and according significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose. A construction making some words surplusage is to be avoided. The words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible. [Citations.] Where uncertainty exists consideration should be given to the consequences that will flow from a particular interpretation. [Citation.] Both the legislative history of the statute and the wider historical circumstances of its enactment may be considered in ascertaining the legislative intent. [Citations.]”
 
 (Dyna-Med, Inc.
 
 v.
 
 Fair Employment & Housing Com.
 
 (1987) 43 Cal.3d 1379, 1386-1387 [241 Cal.Rptr. 67, 743 P.2d 1323].)
 

 Although no court has squarely addressed whether prejudgment interest under Civil Code section 3291 is itself an element of damages, we
 
 *18
 
 discern guidance on this issue in
 
 Lakin
 
 v.
 
 Watkins Associated Industries
 
 (1993) 6 Cal.4th 644 [25 Cal.Rptr.2d 109, 863 P.2d 179]. In
 
 Lakin,
 
 our Supreme Court concluded that although prejudgment interest under Civil Code section 3291 does not accrue on the punitive damages portion of a judgment, punitive damages are included within the judgment for the purpose of determining whether the judgment is more favorable than a Code of Civil Procedure section 998 offer. (See 6 Cal.4th at pp. 662-664.) The
 
 Lakin
 
 court reasoned that “[s]ection 3291 provides for prejudgment interest when a personal injury plaintiff obtains a ‘more favorable judgment’ than the plaintiff’s offer to compromise under Code of Civil Procedure section 998. . . . The plain language of section 3291 provides for a simple comparison in personal injury cases between the judgment and the offer to compromise; if the judgment is ‘more favorable,’ the plaintiff is eligible for prejudgment interest on the damages attributable to personal injury. We see no sign the Legislature intended the judgment and the offer to compromise to be apportioned between personal injury damages and other kinds of damages.” (See 6 Cal.4th at pp. 662-663, fn. 13.)
 

 This interpretation of Civil Code section 3291 is plainly inconsistent with the contention that prejudgment interest is an element of damages, and thus properly part of the judgment. As the court in
 
 Lakin
 
 indicated, eligibility for interest under section 3291 is
 
 predicated
 
 on a “simple comparison” between the judgment, including
 
 all
 
 the damages, and the Code of Civil Procedure section 998 offer. (See
 
 Lakin
 
 v.
 
 Watkins Associated Industries, supra,
 
 6 Cal.4th at pp. 662-663, fn. 13.) Hence, prejudgment interest under section 3291 is not itself an element of damages. (Cf.
 
 Wagy
 
 v.
 
 Brown
 
 (1994) 24 Cal.App.4th 1, 10-11 [29 Cal.Rptr.2d 48] [plaintiff is not eligible for prejudgment interest because plaintiff’s section 998 offer is precisely equal to judgment, which does not itself include prejudgment interest].)
 

 The legislative history of Civil Code section 3291 corroborates this conclusion. Section 3291 was part of Senate Bill No. 203, 1981-1982 Regular Session, chapter 150, enacted in April 1982 (Stats. 1982, ch. 150, § 1, p. 493). As amended by the Assembly on August 18, 1981, Senate Bill No. 203 expressly
 
 included
 
 prejudgment interest as part of the judgment.
 
 [4]
 
 On August 24, 1981, the Assembly amended Senate Bill No. 203 by deleting this provision and introducing the present statutory language. Contemporaneous with these changes were comments within the Assembly Judiciary
 
 *19
 
 Committee that insufficient attention had been paid to whether prejudgment interest should be included in the judgment for the purposes of determining if the judgment was more favorable than the Code of Civil Procedure section 998 offer. (See comments concerning Senate Bill No. 203, as amended on August 19
 
 [sic],
 
 1981, entitled Assembly Judiciary Committee—Minority Charles R. Imbrecht, Vice-Chairman, at p. 1.)
 

 Our conclusion finds some additional support in
 
 Mendez
 
 v.
 
 Kurten, supra,
 
 170 Cal.App.3d 481. In
 
 Mendez,
 
 the verdict in plaintiff’s favor exceeded the plaintiff’s Code of Civil Procedure section 998 offer.
 
 (Mendez
 
 v.
 
 Kurten, supra,
 
 at pp. 483-484.) The trial court awarded prejudgment interest from the date of the offer until the satisfaction of the judgment, and an additional 10 percent interest from the date of the judgment until the satisfaction of the judgment under Code of Civil Procedure section 685.010.
 
 [5]
 
 (See
 
 Mendez
 
 v.
 
 Kurten, supra,
 
 at pp. 483-484.) Citing, inter alia, article XV, section 1 of the California Constitution, which generally limits the interest rate on judgments to 10 percent per annum, the court in
 
 Mendez
 
 concluded that plaintiffs could not obtain a combined interest rate of 20 percent per annum for the period following the entry of judgment under Civil Code section 3291 and Code of Civil Procedure section 685.010. (See
 
 Mendez
 
 v.
 
 Kurten, supra,
 
 at p. 487.)
 

 In dicta, the
 
 Mendez
 
 court rejected the contention that interest under Civil Code section 3291 might be interpreted as damages, rather than as interest within the meaning of California Constitution, article XV, section 1.
 
 (Mendez
 
 v.
 
 Kurten, supra,
 
 170 Cal.App.3d at pp. 486-487.) The court reasoned that this interpretation would imply that the damages awarded when a judgment was entered could not be calculated until the judgment was satisfied, and thus “would bring section 3291 into direct conflict with Code of Civil Procedure section 577.5, which provides; ‘In any judgment, or execution upon such judgment, the amount shall be computed and stated in dollars and cents, rejecting fractions.’"
 
 [6]
 

 (Ibid.)
 

 Steinfeld contends that prejudgment interest under Civil Code section 3291 is an element of damages, citing its placement in an article of the Civil
 
 *20
 
 Code entitled “Interest as Damages,” and authority that other sections within this article, namely, sections 3287 and 3288, award prejudgment interest as damages. (See, e.g.,
 
 Lineman
 
 v.
 
 Schmid
 
 (1948) 32 Cal.2d 204, 208-209 [195 P.2d 408, 4 A.L.R.2d 1380] [prejudgment interest awarded under sections 3287 and 3288 is an element of damages]; 7 Witkin, Cal. Procedure (4th ed. 1997) Judgment, § 278, p. 819 [discussing cases involving sections 3287 and 3288].)
 
 [7]
 

 We are not persuaded. As the court explained in
 
 Mendez,
 
 the placement of Civil Code section 3291 is not dispositive on whether prejudgment interest under this section is an element of damages in view of the rules of statutory construction, which require us to harmonize section 3291 internally and with other laws and statutes. (See
 
 Mendez
 
 v.
 
 Kurten, supra,
 
 170 Cal.App.3d at pp. 486-487.) For the reasons cited above, the better view is that prejudgment interest under section 3291 should not be treated as damages.
 

 Steinfeld also contends that the policy considerations underlying Civil Code section 3291 dictate treating prejudgment interest awarded under this section as damages. Section 3291 was intended “to encourage settlements and penalize those who refuse reasonable settlement offers. [Citations.]” (See
 
 Hrimnak
 
 v.
 
 Watkins
 
 (1995) 38 Cal.App.4th 964, 980-981 [45 Cal.Rptr.2d 514].) In addition, “[i]n enacting section 3291, the Legislature provided a means of compensating personal injury plaintiffs for loss of use of money during the prejudgment period.” (See
 
 Lakin
 
 v.
 
 Watkins Associated Industries, supra,
 
 6 Cal.4th at pp. 663-664.)
 

 Focusing on the final policy consideration, Steinfeld argues that prejudgment interest is an element of damages because it compensates the plaintiff for the loss of use of settlement money. She notes that the compensatory
 
 *21
 
 function of prejudgment interest awarded under Civil Code sections 3287 and 3288 is sometimes cited in conjunction with the proposition that such interest is an element of damages. (See, e.g.,
 
 Big Bear Properties, Inc.
 
 v.
 
 Gherman
 
 (1979) 95 Cal.App.3d 908, 914 [157 Cal.Rptr. 443]; 7 Witkin, Cal. Procedure,
 
 supra,
 
 Judgment, § 278, p. 819.)
 

 Again, we are not persuaded. In our view, the compensatory function of prejudgment interest under Civil Code section 3291 differs from that of Civil Code sections 3287 and 3288. Under section 3287, prejudgment interest is not available in noncontractual tort cases when the determination of damages involve factors of mental injury requiring the fact finder’s resolution. (See
 
 Canavin
 
 v.
 
 Pacific Southwest Airlines
 
 (1983) 148 Cal.App.3d 512, 524-528 [196 Cal.Rptr. 82];
 
 In re Pago Pago Aircrash of January 30, 1974
 
 (C.D.Cal. 1981) 525 F.Supp. 1007, 1011, 1016-1018.) Similarly, absent oppression, malice, or fraud, prejudgment interest is not available under section 3288 on “damages for the intangible, noneconomic aspects of mental and emotional injury” in noncontractual tort actions because such damages are “inherently nonpecuniary, unliquidated and not readily subject to precise calculation,” and “necessarily left to the subjective discretion of the trier of fact.” (See
 
 Greater Westchester Homeowners Assn.
 
 v.
 
 City of Los Angeles
 
 (1979) 26 Cal.3d 86, 103 [160 Cal.Rptr. 733, 603 P.2d 1329];
 
 Canavin
 
 v.
 
 Pacific Southwest Airlines, supra,
 
 148 Cal.App.3d at pp. 524-528;
 
 In re Pago Pago Aircrash of January 30, 1974, supra,
 
 525 F.Supp. at pp. 1011, 1016-1018.) Prejudgment interest under sections 3287 and 3288 in noncontractual tort actions is limited to ascertainable damages because the interest compensates the plaintiff for the loss of calculable funds that belonged to the plaintiff, or should have been paid to the plaintiff. (See
 
 Wisper Corp.
 
 v.
 
 California Commerce Bank
 
 (1996) 49 Cal.App.4th 948, 962 [57 Cal.Rptr.2d 141] [section 3287];
 
 Greater Westchester Homeowners Assn.
 
 v.
 
 City of Los Angeles, supra,
 
 26 Cal.3d at pp. 102-103 [section 3288].)
 

 By contrast, prejudgment interest under Civil Code section 3291 may be awarded on personal injury awards that include emotional distress damages. (See
 
 Lakin
 
 v.
 
 Watkins Associated Industries, supra,
 
 6 Cal.4th at pp. 656-657 & fn. 8.) Hence, such interest may be awarded on personal injury damages that are
 
 not
 
 computable or subject to precise calculation, and which are determined by “the subjective discretion of the trier of fact.”
 
 (Greater Westchester Homeowners Assn.
 
 v.
 
 City of Los Angeles, supra,
 
 26 Cal.3d at p. 103.) In view of this fact, we conclude that in enacting section 3291, the Legislature’s intent was to encourage settlements and to compensate plaintiffs for the loss of settlement funds from the rejection of reasonable settlement offers, but
 
 not
 
 to compensate them for the loss
 
 of
 
 use of calculable sums of money owed to plaintiffs. Because damages are monetary
 
 *22
 
 compensation for “detriment from the
 
 unlawful
 
 act or omission of another . . (Civ. Code, § 3281, italics added), and because a defendant’s refusal of a reasonable settlement offer is not in itself “unlawful,” absent special circumstances (cf.
 
 Bertero
 
 v.
 
 National General Corp.
 
 (1974) 13 Cal.3d 43, 52 [118 Cal.Rptr. 184, 529 P.2d 608, 65 A.L.R.3d 878] [declining to recognize tort of malicious defense]), the compensatory function we discern for prejudgment interest under section 3291 does not elevate this kind of interest to the status of damages.
 

 Moreover, treating prejudgment interest under Civil Code section 3291 as damages would frustrate the other policy concerns underlying section 3291. If such interest were part of a judgment, and thus properly considered in a determination about whether the judgment is more favorable than a Code of Civil Procedure section 998 offer, defendants receiving such offers would have to estimate the potential for an award of prejudgment interest in assessing the reasonableness of the offer. This estimate would require defendants to assess a factor usually unrelated to the merits of the underlying case, namely, the probable length of time between the section 998 offer and the entry of judgment. In our view, introducing extraneous uncertainties into the defendant’s assessment of a settlement offer would hinder the Legislature’s intent to encourage reasonable settlements.
 

 Steinfeld contends that treating prejudgment interest under Civil Code section 3291 as other than damages conflicts with the statutes concerning the satisfaction of judgments. Code of Civil Procedure section 695.210 provides that the sum required to satisfy a money judgment is the amount of the judgment “as entered” together with interest “as it accrues pursuant to Séctions 685.010 to 685.030 . . . .” (Code Civ. Proc., § 695.210, subd (b).) Because sections 685.010 through 685.030 do not refer to prejudgment interest under section 3291, Steinfeld argues that the sum needed to satisfy a judgment is uncertain unless prejudgment interest under section 3291 is included in the judgment “as entered.”
 

 In our view,
 
 Mendez
 
 harmonizes the purported conflict at issue here. The court in
 
 Mendez
 
 concluded that “the Legislature intended merely to restate, but not to either duplicate or abrogate, within the provisions of section 3291, the rule allowing interest on an entered judgment to accrue until satisfaction of the judgment as set forth in section 685.010 for those cases qualifying for prejudgment interest.”
 
 (Mendez
 
 v.
 
 Kurten, supra,
 
 170 Cal.App.3d at p. 487.) Thus, interest under Civil Code section 3291 is reasonably interpreted to fall under the provision in Code of Civil Procedure section 695.210 for interest “as it accrues pursuant to Sections 685.010 to 685.030 . . . .”
 

 
 *23
 
 Finally, Steinfeld cites
 
 State Farm Mut. Auto. Ins. Co.
 
 v.
 
 Crane
 
 (1990) 217 Cal.App.3d 1127 [266 Cal.Rptr. 422] for the proposition that prejudgment interest under Civil Code section 3291 is an element of damages. In
 
 Crane,
 
 the court confronted whether such interest was a “cost” within the meaning of an insurance policy. (See 217 Cal.App.3d at pp. 1132-1133.) In dicta, the court suggested that this form of interest is an element of damages. (See
 
 id.
 
 at p. 1132.) We do not find the brief discussion of this issue in
 
 Crane
 
 persuasive and decline to follow it.
 

 In sum, the trial court did not err in concluding that prejudgment interest under Civil Code section 3291 is not an element of damages.
 

 Disposition
 

 The order is affirmed.
 

 Vogel (C. S.), P. J., and Hastings, J., concurred.
 

 [1]
 

 An order relating to an attempt to obtain interest on a judgment is appealable. (See
 
 Mendez
 
 v.
 
 Kurten
 
 (1985) 170 Cal.App.3d 481, 483, fn. 1 [215 Cal.Rptr. 924].)
 

 [2]
 

 Steinfeld does not contend that interest awarded under Civil Code section 3291 that accrues after the entry of judgment is an element of damages.
 

 [3]
 

 Code of Civil Procedure section 998, subdivision (b), provides in relevant part: “Not less than 10 days prior to commencement of trial, any party may serve an offer in writing upon any other party to the action to allow judgment to be taken in accordance with the terms and conditions stated at that time.”
 

 [4]
 

 The language in question provided: “If the plaintiff makes an offer pursuant to Section 998 of the Code of Civil Procedure which is not accepted within 30 days by the defendant and the plaintiff obtains a more favorable judgment, the court shall, in entering judgment for the plaintiff in the action, add to the amount of damages assessed by the verdict of the jury, or found by the court, interest on the amount calculated at the rate of 10 percent per annum and calculated from the date of the service of process to the date of satisfaction of the judgment,
 
 *19
 
 and
 
 include
 
 the interest in the judgment
 
 as a part thereof.”
 
 (Assem. Amend, to Sen. Bill No. 203 (1981-1982 Reg. Sess.) Aug. 18, 1981, italics added.)
 

 [5]
 

 Code of Civil Procedure section 685.010, subdivision (a), provides: “Interest accrues at the rate of 10 percent per annum on the principal amount of a money judgment remaining unsatisfied.”
 

 [6]
 

 Steinfeld attempts to distinguish
 
 Mendez,
 
 arguing that the issue in
 
 Mendez
 
 concerned postjudgment interest rates, namely, whether the 10 percent interest rate under Civil Code section 3291 could be added to the 10 percent postjudgment interest rate under Code of Civil Procedure section 685.010. However, this distinction is irrelevant to the
 
 Mendez
 
 court’s reasoning that section 3291 interest is not a form of damages.
 

 The
 
 Mendez
 
 court reasoned that if Civil Code section 3291 interest was an element of damages, then damages could not be calculated until a judgment was satisfied, citing the fact
 
 *20
 
 that section 3291 states that interest accrues from the settlement offer until the satisfaction of the judgment. (See
 
 Mendez
 
 v.
 
 Kurten, supra,
 
 170 Cal.App.3d at pp. 486-487.) Because section 3291 draws no distinction between prejudgment and postjudgment interest, nothing in the language of section 3291 supports Steinfeld’s contention that prejudgment interest under section 3291 is an element of damages and postjudgment interest under section 3291 is mere interest.
 

 [7]
 

 Civil Code section 3287 provides in pertinent part: “(a) Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day .... [SO (b) Every person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed.”
 

 Civil Code section 3288 provides that “[i]n an action for the breach of an obligation not arising from contract, and in every case of oppression, fraud, or malice, interest may be given, in the discretion of the jury.”