Filed 5/31/13 Buckberg v. Edwards Lifesciences Research Medical CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| GERALD D. BUCKBERG, | B240053 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC387528) |
| v. | |
| EDWARDS LIFESCIENCES RESEARCH MEDICAL, INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Terry A. Green, Judge. Reversed and remanded with directions.

Krane & Smith, Marc Smith, and Douglas L. Day for Plaintiff and Appellant.

Kilpatrick Townsend & Stockton, A. James Isbester, and Douglas A. McManamon for Defendant and Respondent.

_____

**INTRODUCTION**

Gerald D. Buckberg, M.D. appeals from a judgment following appeal entered December 2, 2011. He contends the superior court erred in calculating the amount of damages. Specifically, he contends (1) that he is entitled to postjudgment interest on the prejudgment interest included in the original judgment, and (2) that the trial court erred in calculating the amount of postjudgment royalties. We conclude that appellant is entitled to postjudgment interest on the prejudgment interest, and that he is entitled to a higher amount of postjudgment royalties. Accordingly, we reverse and remand for further proceedings.

**FACTUAL AND PROCEDURAL BACKGROUND**

The facts underlying this dispute are stated in this court's unpublished written decision in *Buckberg v. Edwards Lifesciences Research Medical, Inc*. (June 13, 2011, B219245). Essentially, the parties entered into two contracts (the Antegrade Agreement and the CSC Agreement) that provided royalty payments to appellant based upon a percentage of the net revenues from the sales or lease of certain medical devices. In 2007, the parties disputed respondent's obligations under the contracts, and whether respondent had extended the contracts. After a bench trial, a judgment largely in favor of appellant was entered on August 25, 2009. The judgment established that respondent Edwards Lifesciences Research Medical, Inc. (Edwards) owed appellant the "principal sum of $3,689,028 through July 31, 2009," based in part upon a royalty rate of 8½% because the agreements were extended. This sum consisted of royalty payments and prejudgment interest on the royalty payments. The judgment also provided that appellant was entitled to a declaration that respondent was obligated to pay him (1) royalties at a 7% rate from January 1, 2009 until September 21, 2009 for the sales or lease of medical

2

devices covered under the Antegrade Agreement, and (2) royalties at a 7% rate from July 1, 2009 until July 13, 2010 for the sales or lease of medical devices under the CSC Agreement. Finally, the judgment provided that "[a]ll sums awarded hereunder shall further bear postjudgment interest at the rate of 10% per annum from the date of entry of judgment until paid." Both parties filed timely appeals.[1]

On June 13, 2011, this court affirmed the trial court's general interpretation of the contracts, but found that the contracts had not been extended. Because the contracts had not been extended, appellant was entitled to only a 7% royalty rate until the expiration of certain medical device patents (September 21, 2009 under the Antegrade Agreement, and July 13, 2010 under the CSC Agreement). We remanded the matter to the trial court to "recalculate damages."

Following this court's decision, the trial court set a status conference for July 23, 2011. Prior to that date, respondent's counsel provided appellant's counsel with data to evaluate the amount of royalties. At the July 23, 2011 hearing, appellant's counsel was not prepared to provide appellant's position on the amount of royalties owed. The trial court set another status conference for August 26, 2011. The August 26 hearing was later continued to November 4, 2011. Because of the delay and the accrual of postjudgment interest, on November 4, 2011, respondent paid appellant $3,801,429 to satisfy the outstanding judgment. Respondent also filed a proposed judgment following appeal.

Appellant was not satisfied with the amount, and filed objections, claiming that respondent had miscalculated the amount of damages. Appellant asserted that "[w]hile [respondent] did previously send [appellant] post judgment royalty reports

---

[1]    In its appeal, Edwards did not challenge the award of postjudgment interest on the entire amount of the judgment, including prejudgment interest.

for the period from August 1, 2009 to July 10, 2010, both counsel have misplaced them. . . . Such reports are necessary for [appellant] to verify the amount of post judgment royalties and the interest calculation." Appellant stated he did not object to the following calculations: (1) the amount of royalties owed under the agreements from January 1, 2007 to December 31, 2008 was $1,771,661; (2) the sum of the prejudgment interest on that amount (covering January 1, 2007 to December 31, 2008) was $255,849; (3) the amount of daily postjudgment interest on the $1,771,661 amount was $487.03; (4) as of November 4, 2011, the daily postjudgment interest amount should be multiplied by 826 days; and (5) costs were $11,500. Appellant objected to the calculation of royalties ($438,919) and prejudgment interest ($5,500) for the period January 1, 2009 to July 31, 2009 "due to lack of information." Appellant also contended that the total interest on the amount of costs ($11,500) was $2,605.11, not $2,300, because the daily interest was $31.54. Respondent filed a response, noting that "[w]hile Buckberg's counsel may have misplaced [the postjudgment royalty reports], Edwards' counsel did not. Indeed, . . . Edwards' counsel forwarded additional copies of the reports on Tuesday, November 15." Respondent also stated that appellant's objections made "no sense," as the numbers came "directly from the Court's Statement of Decision." Finally, respondent contended that its calculation of interest on costs was correct. Respondent asserted that the total interest on costs was $2,300, based upon a daily interest of $3.15 per day multiplied by 725 days, the number of days from the date the order on costs was entered (November 9, 2009) until November 4, 2011.

The trial court issued an order to show cause (OSC) re entry of judgment and set a hearing date on the OSC for November 18, 2011. At the November 18 hearing, the trial court accepted respondent's numbers on all points, but asked the

4

parties to brief whether appellant was entitled to postjudgment interest on the award of prejudgment interest. In appellant's briefing, he conceded that the corrected original judgment was $2,471,929, consisting of: $1,771,661 in royalties for the period January 1, 2007 through December 31, 2008; $255,849 in prejudgment interest on that amount; $438,919 in royalties from January 1, 2009 through July 31, 2009; and $5,500 in prejudgment interest on that amount. Appellant agreed that costs were $11,500, but calculated total interest on costs at $2,602.40 Appellant further calculated that the postjudgment royalties for the period August 1, 2009 through July 13, 2010 under both agreements totaled $793,860.62. He alleged that this figure was the amount reported by respondent.

Respondent filed a reply, contending that appellant was not entitled to compound interest under the California Constitution and relevant case law. In a separate pleading, respondent asserted that the total amount of postjudgment royalties for the period August 1, 2009 through July 13, 2010 was $745,235. It contended that appellant's figure was based upon an incorrect royalty rate (8% instead of 7%) and an incorrect base number (gross revenues instead of net revenues).

After reviewing the parties' briefing, the trial court accepted respondent's calculation of royalties and interest; it further determined that appellant was not entitled to postjudgment interest on the award of prejudgment interest. It entered respondent's proposed judgment on December 2, 2011. Appellant filed a motion for a new trial on the amount of damages. On January 25, 2012, the trial court denied the motion. Appellant timely appealed.

## DISCUSSION

Appellant contends the judgment following appeal should be reversed and the matter remanded to the trial court because (1) the court erred by failing to

5

include postjudgment interest on the prejudgment interest awarded in the original judgment, and (2) the court erred in calculating the postjudgment royalties.

A.      Postjudgment Interest on an Award of Prejudgment Interest

Code of Civil Procedure section 685.010, subdivision (a) provides:  "Interest accrues at the rate of 10 percent per annum on the principal amount of a money judgment remaining unsatisfied."[2]  Section 685.020, subdivision (a) provides that interest accrues from the date of entry of judgment.  Section 680.300 defines "'[p]rincipal amount of the judgment'" as "the total amount of the judgment as entered or as last renewed, together with the costs thereafter added to the judgment pursuant to Section 685.090, reduced by any partial satisfactions of such amount and costs and by any amounts no longer enforceable."

Here, the original judgment as entered on August 25, 2009, provided that appellant was entitled to a principal sum, which included prejudgment interest, plus postjudgment royalties, plus postjudgment interest on "[a]ll sums awarded hereunder."  Thus, for the purposes of section 685.010, the "'principal amount'" of the original judgment included prejudgment interest.  In addition, the original judgment expressly awarded postjudgment interest on the prejudgment interest. Accordingly, appellant is entitled to postjudgment interest at the rate of 10% per annum on the entire amount of the original judgment, including prejudgment interest, as corrected by this court's decision in the prior appeal.

Respondent contends appellant is not entitled to postjudgment interest on an award of prejudgment interest because compounding interest is prohibited by Article XV, section 1 of the California Constitution, which provides that "[t]he rate of interest upon a judgment rendered in any court of this State shall be set by the

---

[2]      All further statutory citations are to the Code of Civil Procedure, unless otherwise indicated.

6

Legislature at not more than 10 percent per annum." We conclude that an award of postjudgment interest in this matter is not prohibited by the California Constitution.

Article XV, section 1 of the California Constitution does not expressly prohibit compounding of interest. (*OCM Principal Opportunities Fund, L.P. v. CIBC World Markets Corp*. (2008) 168 Cal.App.4th 185, 200 (*OCM*).) Nor does it define what constitutes a "judgment." It merely provides that the rate of interest on a judgment cannot exceed 10% per annum. Here, appellant is entitled only to postjudgment interest at a rate of 10% per annum on the principal amount of the original judgment. The fact that the principal amount included prejudgment interest does not render the resulting award of postjudgment interest illegal. (*Big Bear Properties, Inc. v. Gherman* (1979) 95 Cal.App.3d 908, 913-914 [award of postjudgment interest on a money judgment that included prejudgment interest not impermissible compounding of interest as "'it is established that a judgment bears interest on the whole amount from its date even though the amount is in part made up of interest'"]; cf. *OCM*, *supra*, 185 Cal.App.4th at pp. 195-200 [award of postjudgment interest under section 685.010 on a renewed judgment that compounded postjudgment interest not prohibited by California Constitution]; see also California Rules of Court, rule 3.1802 ["The clerk must include in the judgment any interest awarded by the court and the interest accrued since the entry of the verdict."].)

A contrary interpretation would not fully compensate an aggrieved plaintiff. Under Civil Code section 3287, an aggrieved plaintiff is entitled to prejudgment interest on the amount of his damages. In addition, with respect to contract claims, Civil Code section 3289 provides that the aggrieved plaintiff is entitled to interest at a rate of 10 % per annum from the date of the breach. Here, the prior appeal

conclusively established that appellant was entitled to royalty payments under the two contracts from January 1, 2007 until July 13, 2010.  On August 25, 2009, the date of entry of the original judgment, appellant was entitled to $2,471,929 in royalty payments and prejudgment interest.  Had appellant been paid the entire amount on that date, he could have invested it and earned interest.  Thus, awarding appellant postjudgment interest on the entire amount merely compensated him for the loss of use of those funds from the time they were awarded until the judgment was satisfied.  (See *Westbrook v. Fairchild* (1992) 7 Cal.App.4th 889, 893 (*Westbrook*) ["'Postjudgment interest serves two important functions -- it compensates the judgment creditor for the loss of use of the money until the judgment is paid[,] and it acts as an incentive for the judgment debtor to pay the judgment promptly.'"].)

Respondent's reliance on *Hess v. Ford Motor Co*. (2002) 27 Cal.4th 516 (*Hess*), *Mendez v. Kurten* (1985) 170 Cal.App.3d 481 (*Mendez*), and *Westbrook* is misplaced.  In *Hess*, the California Supreme Court held that a plaintiff is not entitled to interest on the prejudgment interest that accrued under Civil Code section 3291.[3] (*Hess*, *supra*, 27 Cal.4th at pp. 531-532.)  *Hess* expressly limited its holding to cases involving Civil Code section 3291.  (*Id*. at pp. 532-533.)  This matter does not involve section 3291.  Similarly, in *Mendez*, the appellate court found that the trial court erred in awarding postjudgment interest under both section 685.010 and section 3291, resulting in 20% interest on the judgment.

---

[3]  Section 3291 addresses offers of compromise under section 998.  It provides in relevant part that if the plaintiff makes a section 998 offer which the defendant does not accept prior to trial or within 30 days, and the plaintiff obtains a more favorable judgment, "the judgment shall bear interest at the legal rate of 10 percent per annum calculated from the date of the plaintiff's first offer pursuant to Section 998 of the Code of Civil Procedure which is exceeded by the judgment, and interest shall accrue until the satisfaction of judgment."

(*Mendez, supra,* 170 Cal.App.3d at pp. 484-485.) Our decision does not involve a doubling of prejudgment interest or any award under section 3291. Finally, *Westbrook* is not to the contrary. In *Westbrook*, the appellate court held that the trial court lacked discretionary power to award compound postjudgment interest. (*Westbrook*, *supra*, 7 Cal.App.4th at p. 893.) The court specifically stated that "interest on interest is allowed when prejudgment interest is incorporated in a judgment which then bears interest," and noted that the judgment at issue already incorporated two years of prejudgment interest. (*Id.* at pp. 895-896.) Here, the original judgment incorporated prejudgment interest. In short, appellant is entitled to postjudgment interest on the prejudgment interest that was incorporated in the corrected original judgment.

B.    Postjudgment Royalties

The parties agree that appellant is entitled to 7% of net revenues from the sales or lease of certain medical devices. The parties both relied upon the same set of documents to calculate the postjudgment royalties, but arrived at different numbers. Respondent submitted a figure not supported by the relevant documents. On the other hand, appellant set forth a figure consistent with the admitted evidence.[4] Accordingly, no substantial evidence supports the trial court's determination that respondent's figures were correct.[5] Thus, appellant is entitled to

---

[4]    At oral argument, appellant's counsel suggested that respondent's figures were based upon the use of an 8% rate, used gross revenues instead of net revenues, and counted the value of other products that were included the licensed cannulae in certain kits. We discern no such error in appellant's calculations, based upon a review of the relevant royalty reports.

[5]    Both parties were remiss in failing to make clear to the trial court the basis for their calculations. Respondent stated a number for postjudgment royalties and interest thereon, but provided no explanation for its calculations. Appellant did

9

the amount of postjudgment royalties and interest he requested: $793,860.62, and $136,808 in interest on that amount, as of November 4, 2011.

C.     Modified Judgment

Both parties agree that every component of the judgment is undisputed or can be calculated by basic arithmetic. Accordingly, upon remand, the trial court shall modify the judgment following appeal to state, or enter a new judgment following appeal stating, that respondent still owes $157,601, plus postjudgment interest on that amount at 10% per annum from November 4, 2011 (the date respondent made a partial payment on the judgment) until the judgment is satisfied. The modified judgment is calculated as follows:

As of November 4, 2011, respondent owed appellant $3,958,850, consisting of: (1) $2,471,929 (amount of corrected original judgment); (2) $542,469 (postjudgment interest on (1), calculated by taking 801 days [the date of entry of the original judgment (August 25, 2009) to November 4, 2011] and multiplying it by a 10 percent per annum rate);[6] (3) $11,500 (costs); (4) $2,284 (interest on those costs, calculated from the date of entry of the order on costs (November 9, 2009) until November 4, 2011); (5) $793,860.62 (postjudgment royalties); and (6) $136,808 (interest on (5)).

On November 4, 2011, respondent paid appellant $3,801,249. Subtracting that amount from $3,958,850 results in the sum of $157,601. Respondent thus owes $157,601, plus interest at 10% per annum on that amount from November 4, 2011 until the date the judgment is satisfied.

---

explain his calculations, but only during the hearing on the motion for a new trial and at oral argument before this court.

[6]     Section 685.090, subdivision (a) provides that costs are added to and become part of the judgment upon entry of an order allowing costs.

10

## DISPOSITION

The judgment is reversed and remanded for further proceedings consistent with this opinion.  Appellant is entitled to his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**

MANELLA, J.

We concur:

WILLHITE, Acting P. J.

SUZUKAWA, J.

11